IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHANIEL L. WHYMS,<br><br>            Petitioner,<br><br>    v.<br><br>EDMUND G. BROWN, JR., et al.,<br><br>            Respondents.<br>_____/ | No. C 09-02103 SBA (PR)<br><br>**ORDER GRANTING RESPONDENTS' MOTION TO DISMISS; AND ADDRESSING PETITIONER'S PENDING MOTION**<br><br>(Docket nos. 10, 15) |

Petitioner has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2005 conviction of attempted lewd or lascivious act on a child under the age of fourteen, attempted distribution or exhibition of harmful matter to a minor through the Internet, and sexual intercourse with a minor more than three years younger than him.

On April 16, 2010, in response to the Court's Order to Show Cause, Respondents filed a motion to dismiss the petition for lack of jurisdiction.

On June 23, 2010, Attorney Gordon D. Brown briefly appeared on behalf of Petitioner to file a motion for an extension of time to file an opposition. Attorney Brown has notified Court staff that he is not the attorney of record in the present action. Instead, he requests forty-five days to "allow [him] to properly review the documents, advise [Petitioner] and hopefully, assist [Petitioner] in finding qualified [counsel]." (Mot. for EOT at 1-2.) The forty-five day time period has passed and, to date, Petitioner has not filed an opposition. Moreover, neither Attorney Brown nor any other attorney has made a formal appearance as Petitioner's attorney of record. In fact, Petitioner has not communicated with the Court since the June 23, 2010 motion. Therefore, because Petitioner has already benefitted from the requested forty-five day extension, the Court DENIES his motion for an extension of time to file his opposition as moot.

For the reasons discussed below, the Court GRANTS Respondents' motion to dismiss.

## DISCUSSION

As mentioned above, Petitioner was convicted of the above-mentioned counts in July, 2005. (Resp't Ex. A.) On November 9, 2005, the trial court suspended the imposition of judgment and

1  sentence, and placed Petitioner on three years of probation with several conditions, including that he
2  spend one year in the county jail and that he register as a sex offender pursuant to California Penal
3  Code § 290. (Id.)

4      On November 9, 2008, Petitioner's probation was terminated. (Resp't Ex. C.)

5      On May 13, 2009 -- six months after the termination of his probation, Petitioner filed the
6  instant petition.

7      Respondents argue this Court "lacks jurisdiction to entertain petitioner's habeas corpus
8  petition because petitioner was not 'in custody' at the time he filed his petition." (Mot. to Dismiss at
9  2.)

10     The federal writ of habeas corpus is only available to persons "in custody" for the conviction
11 or sentence under attack at the time the petition is filed. See 28 U.S.C. §§ 2241(c), 2254(a); Maleng
12 v. Cook, 490 U.S. 488, 490-91 (1989). This requirement is jurisdictional. See Carafas v. LaValle,
13 391 U.S. 234, 238 (1968). A petitioner who files a habeas petition after he has fully served his
14 sentence and who is not subject to court supervision is not "in custody" for the purposes of this
15 court's subject matter jurisdiction and his petition is therefore properly denied. See Maleng, 490
16 U.S. at 492. The custody requirement does not require that a prisoner be physically confined. Id. at
17 491. Thus, for example, a petitioner who is on parole at the time of filing is considered to be in
18 custody, see Jones v. Cunningham, 371 U.S. 236, 241-43 (1963), as is a petitioner on probation, see
19 Chaker v. Crogan, 428 F.3d 1215, 1219 (9th Cir. 2005), and a petitioner released on his own
20 recognizance, see Justices of Boston Municipal Court v. Lydon, 466 U.S. 294, 301-02 (1984)
21 (pending retrial). Custody requires a significant restraint on the petitioner's liberty.

22     "[M]erely being subject to a sex offender registry requirement does not satisfy the 'in
23 custody' requirement after the original [sex offense] conviction has expired." Zichko v. Idaho, 247
24 F.3d 1015, 1020 (9th Cir. 2001); see also McNab v. Kok, 170 F.3d 1246, 1247 (9th Cir. 1999)
25 (Oregon sex offender registration law does not place sufficient restraints on convicts to constitute
26 custody); Henry v. Lungren, 164 F.3d 1240, 1241-42 (9th Cir. 1999) (California law which requires
27 convicted sex offenders to annually register with state authorities does not constitute severe,
28

1  immediate restraint on physical liberty sufficient to constitute custody).  When, on the other hand, a
2  petitioner is incarcerated for failing to comply with a sex offender registration statute, the petitioner
3  is "in custody" for purposes of challenging an earlier, expired sex offense conviction that was a
4  necessary predicate to the failure-to-register charge.  Zichko, 247 F.3d at 1019-20.

5       Here, Petitioner was not in custody for the challenge he asserts at the time he filed this
6  action.  The fact that Petitioner is subject to a sex offender registration requirement does not
7  establish custody.  See id. at 1020.  Furthermore, Petitioner does not allege that he failed to register
8  or that he has been arrested or convicted for failing to register.  Therefore, because Petitioner is not
9  "in custody" on the 2005 conviction he seeks to attack, this action is DISMISSED for lack of
10  jurisdiction.

11       Accordingly, Respondents' motion to dismiss for lack of jurisdiction is GRANTED.

## **CONCLUSION**

13       For the foregoing reasons,

14       1.    Petitioner's motion for an extension of time to file his opposition (docket no. 15) is
15  DENIED as moot.

16       2.    Respondents' motion to dismiss for lack of jurisdiction (docket no. 10) is GRANTED.

17       3.    The Clerk of the Court shall enter judgment, terminate all pending motions, and close
18  the file.

19       4.    This Order terminates Docket nos. 10, 15.

20       IT IS SO ORDERED.

Dated: 3/16/11

                                              SAUNDRA BROWN ARMSTRONG
                                              UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

NATHANIEL L. WHYMS,

    Plaintiff,

v.

EDMUND G. BROWN JR., ATTORNEY GENERAL et al,

    Defendant.

Case Number: CV09-02103 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 16, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Nathaniel L. Whyms
5145 Edenview Drive
Apartment BB102
San Jose, CA 95111

Dated: March 16, 2011

    Richard W. Wieking, Clerk
    By: LISA R CLARK, Deputy Clerk

G:\PRO-SE\SBA\HC.09\Whyms2103.EOT&grantMTD.wpd    4